# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| MAURICE ANTONIO WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  13-cv-1477 |
| | ) | |
| CORRECTIONAL OFFICER | ) | |
| SCHMELTZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# O R D E R  &  O P I N I O N

This matter is before the Court on a Motion for Partial Summary Judgment on Exhaustion of Administrative Remedies filed by Defendants Joseph Bennett, James Berry, Adam Deal, Glendal French, Jacob Liles, Randy Lovrant, Brian Maier, Kent Robinson, and Brian Schmeltz. (Doc. 21). Defendants argue that Plaintiff failed to exhaust his administrative remedies before filing suit. (Doc. 21). Defendants filed a Memorandum of Law in Support (Doc. 22) and Plaintiff filed a Response (Doc. 24). For the reasons stated below, Defendants' Motion is granted in part and denied in part.

### SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365,

1

368 (7th Cir. 2009). All inferences drawn from the facts must be construed in favor of the non-movant. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256 (7th Cir. 2011). If the evidence on record could not lead a reasonable factfinder to find for the non-movant, then no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *McClendon v. Ind. Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997).

## Relevant Factual Background[1]

Plaintiff is currently a prisoner at Pontiac Correctional Center in Pontiac, Illinois. (Doc. 22 at 2). Plaintiff filed his Amended Complaint on March 12, 2014, alleging that the Defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution by placing him, on two separate occasions, in segregation cells, the walls of which were contaminated with fecal matter. (Doc. 13 at 5). Plaintiff alleges that fecal matter remained on the walls of his first cell from August 22, 2013, until August 26, 2013, despite his requests to Defendants French, Deal, Schmeltz, and Robinson to have it removed. (Doc. 13 at 5). Plaintiff alleges that fecal matter remained in his second cell from September 5, 2013, until October 7, 2013, despite his requests to an unknown correctional officer and Defendants Schmeltz, Berry, Liles, Maier, Lovrant, and Bennett to have it corrected. (Doc. 13 at 5).

Plaintiff states that he filed a grievance on September 6, 2013, in regards to the cell conditions that began on August 22, 2013. (Doc. 24 at 1-2). Plaintiff further states that he has received no response to the grievance whatsoever, (Doc. 24 at 1-

---

[1] Unless otherwise noted, these facts reflect the Court's determination of the undisputed facts. All inferences are drawn in Plaintiff's favor.

3), and Defendants deny that the grievance was ever filed, (Doc. 22 at 7). In support of his argument, Plaintiff has sworn an affidavit stating that he did file the grievance, but that he received no response to it. (Doc. 24 at 3). Plaintiff also provided an Inmate Transaction Statement indicating that he sent a document to the prison library to be copied on September 5, 2013. (Doc. 24 at 4). Plaintiff states that the document was the grievance form pertaining to his cell conditions from August 22, 2013, to August 26, 2013. (Doc. 24 at 2). However, Plaintiff states his copy of this grievance has been misplaced, so he could not present it to the Court. (Doc. 24 at 1).

In regards to the conditions of the second cell, which began on September 5, 2013, it is undisputed that Plaintiff filed an emergency grievance on September 8, 2013. (Doc. 22-3 at 7). The grievance states that Plaintiff complained about the cell conditions to Defendants Berry, Liles, Lovrant, Maier, and Schmeltz, as well as other prison officials not named in Plaintiff's Amended Complaint. (Doc. 22-3 at 7-8). Although Plaintiff alleges that he complained to Defendant Bennett as well and names him as a Defendant on this basis, (Doc. 13 at 5), Defendant Bennett is not named in the grievance filed on September 8, 2013. (Doc. 22-3 at 7-8). After an Illinois Department of Corrections employee determined the emergency was not substantiated, the grievance was passed along to a counselor, who responded that inmates are given cleaning supplies weekly and cells are cleaned prior to occupancy. (Doc. 22-3 at 7). The grievance officer that subsequently received and reviewed the grievance returned the grievance to Plaintiff on November 19, 2013, because Plaintiff had since been moved to a new cell, thus mooting the issue. (Doc. 22-3 at

5). On appeal before the Administrative Review Board ("ARB"), Plaintiff's grievance was denied because "the claim cannot be substantiated." (Doc. 22-3 at 1).

DISCUSSION

Plaintiff's Amended Complaint alleges that his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution was violated by Defendants. (Doc. 13). Plaintiff's action arises under 42 U.S.C. § 1983, which states that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." In litigation brought by prisoners challenging prison conditions, 42 U.S.C. § 1997e prohibits any action brought under § 1983 "until such administrative remedies as are available are exhausted." Thus, "[t]here is no question that exhaustion is mandatory under [§ 1997e] and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "Because failure to exhaust administrative remedies is an affirmative defense, defendants have the burden of pleading and proving the defense." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999).

Defendants make two arguments on summary judgment pertaining to Plaintiff's failure to exhaust available administrative remedies. First, Defendants argue that Plaintiff never filed a grievance in regards to his cell conditions that started on August 22. (Doc. 22 at 8). Thus, without properly filing a grievance and pursuing it through the prison appeal process, they argue that Plaintiff failed to

exhaust his administrative remedies in regards to that incident. Second, Defendants argue that Plaintiff failed to name Defendants Bennett, Deal, French, and Robinson in any grievance pertaining to his alleged unsanitary conditions. (Doc. 22 at 8). Defendants argue that these four Defendants should thus be dismissed from the case because Plaintiff did not properly exhaust his administrative remedies against them. (Doc. 22 at 8).

I.    *The Missing Grievance*

The first issue is whether Plaintiff filed any grievance complaining of his cell conditions from August 22 to August 26, 2013. The Seventh Circuit requires strict compliance with procedures for prison administrative remedies. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). If the prisoner fails to follow the grievance procedures, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Id.* (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). However, further administrative remedies become unavailable when prison officials fail to respond to a properly filed grievance and § 1997e is thus satisfied due to the exhaustion of available remedies. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

In *Dole*, the plaintiff properly followed all grievance procedures, but his grievance went missing after he gave it to a guard to be mailed. *Dole*, 438 F.3d at 807-08. The Seventh Circuit held that Dole had exhausted his remedies "[b]ecause [he] took all steps necessary to exhaust one line of administrative review, and did not receive instructions on how to proceed once his attempts at review were foiled." *Id.* at 813. Dole could not maintain control of his grievance after submitting it

according to prison procedures, he had no choice in the method of submission, and he had no way to know that the ARB did not receive it. *Id.* at 810. Thus, Dole had exhausted his available administrative remedies prior to filing suit. *Id.* at 813.

In the present case, the disputed question of whether Plaintiff actually filed a grievance on the conditions of his first cell would be conclusive on the issue of exhaustion of that claim. Plaintiff presents evidence indicating he filed a grievance regarding his August cell conditions on September 6, 2013, after sending it to the library to be copied, and that he never received any response. (Doc. 24 at 3-4). Further, he claims he followed up by asking the Chief Administrative Officer ("CAO") about the grievance, who stated he had not received the grievance, and filing a separate grievance to complain of a lack of response to his prior grievances. (Doc. 24 at 3; Doc. 13 at 11-12). Defendants deny that Plaintiff filed any grievance about the August conditions, and submit evidence showing no record of having received it. Thus, there is a material dispute of fact that precludes summary judgment. Viewing the evidence in the light most favorable to Plaintiff, a factfinder could conclude that the grievance was filed in accordance with prison procedures, though subsequently lost, and that Plaintiff's attempts to follow up did not result in instructions on how to proceed, rendering administrative remedies unavailable for Plaintiff to exhaust. While the Court must still determine as a factual matter whether this is true, it is clear that Defendants have failed to prove that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law.

II.    *Failure to Name Defendants in a Grievance*

The second issue is whether Plaintiff is required to name all Defendants in a grievance pertaining to the incidents in his Complaint in order to properly exhaust his administrative remedies against those Defendants before filing suit. Plaintiff named Defendant Bennett in his Amended Complaint in regards to the cell conditions that started on September 5, 2013, and named Defendants Deal, French, and Robinson in regards to the cell conditions that started on August 22, 2013. (Doc. 13 at 5). However, none of these Defendants were named in the only grievance Defendants admit was filed, which pertains to the September cell conditions.

"[N]othing in [42 U.S.C. § 1997e] imposes a 'name all defendants' requirement." *Jones*, 549 U.S. at 217. Rather, each state specifies what must be included in a grievance and "it is the prison's requirements, and not [§ 1997e], that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. Illinois has established a system outlining the level of detail required in prison grievances. The regulations governing grievances require a prisoner to include the details of "what happened, when, where, and *the name of each person* who is the subject of or who is otherwise involved in the complaint." Ill. Admin. Code tit. 20, § 504.810(b) (emphasis added).

A.    Defendant Bennett

Plaintiff states in his Amended Complaint that he complained to Defendant Bennett regarding the September cell conditions sometime between September 5 and September 8. (Doc. 13 at 5). However, despite naming in the corresponding grievance multiple other Defendants and some correctional officers not named as

defendants, Plaintiff fails to mention Defendant Bennett. (Doc. 22-3 at 7-8). Defendants argue that Plaintiff thus has not exhausted his claim against Defendant Bennett because the failure to name all involved individuals violates the grievance procedure. (Doc. 22 at 8). Plaintiff makes no argument in his Response as to why he failed to name Defendant Bennett in the grievance or why Defendant Bennett should remain in this case. (Doc. 24). The issue is thus whether failing to name one Defendant in the grievance when multiple others are named constitutes a failure to exhaust against that Defendant.

As noted above, the Seventh Circuit requires strict compliance with procedures for prison administrative remedies. *Dole*, 438 F.3d at 809. Illinois clearly requires the name of each individual involved, or a description of any unknown individuals, to be listed in the grievance. Ill. Admin. Code tit. 20, § 504.810(b). However, the Seventh Circuit has stated that "[w]here prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). In another case, the court similarly stated "a procedural default in state proceedings is fatal to the litigation in federal court only if the state tribunal explicitly relies on that default." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). Read broadly, these cases could be dispositive of the issue in the present case and require denial of summary judgment for Defendant Bennett, because the prison system did not reject Plaintiff's grievance, which omitted

Defendant Bennett's name, on that procedural basis. However, the rule does not hold up logically when applied to the facts of this case.

The *Maddox* case, explicating the rule that a claimed procedural violation must have been used to reject the grievance, is factually distinguishable from the present case. In *Maddox*, the plaintiff filed a grievance asserting a denial of his religious fellowship, but did not name a single defendant in the grievance. 655 F.3d at 712. However, the prison never informed the plaintiff that the grievance was procedurally deficient and instead addressed his complaint on the merits at every stage. *Id.* at 721-22. Because the grievance complained about an issue of prison policy, the court reasoned it was impossible for the prison not to know who made the decision. *Id.* at 722. Additionally, the grievance form used by the prison did not specifically request the names of each party involved. *Id.* at 714. For all these reasons, the failure to name the defendants in the grievance was a "mere technical defect that had no effect on the [grievance] process and didn't limit the usefulness of the exhaustion requirement." *Id.* at 722. Thus, because the prison had addressed the grievance on the merits without regard to this technical defect, it could not later cite this same defect to support a failure to exhaust defense. *Id.*

These facts that supported the conclusion in *Maddox* are not present in this case. First, Plaintiff's grievance form specifically required "the name or identifying information for each person involved." (Doc. 22-3 at 7). This requirement is consistent with Illinois's grievance regulations requiring "the name of each person who is the subject of or who is otherwise involved in the complaint." Ill. Admin. Code tit. 20, § 504.810(b). Second, Plaintiff is not complaining about prison policy,

but about specific incidents and the deliberate indifference of specific officers. In *Maddox*, the prison was easily able to determine who made the policy decision about which Maddox complained. In the present case, it would have been impossible for the prison to determine which of its employees were involved in the incidents unless Plaintiff named them in the grievance. Accordingly, the omission of Defendant Bennett from the grievance effectively prevented the prison from fully investigating the incidents. Finally, because several prison officials were named in Plaintiff's grievance, either by name or by job description, (Doc. 22-3 at 7-8), it would have been impossible for the prison to determine that a procedural defect had occurred due to the omission of Defendant Bennett until the suit was filed.

In addition to these factual distinctions between *Maddox* and the present case, the rule does not logically apply in cases such as this involving numerous defendants, only some of which were named in a grievance. It is logical to require a prison to enforce a procedural defect such as a missed deadline or improper method of filing in order to later rely upon it for a failure to exhaust defense. However, in order for the prison to rely on a procedural defect, it must first be able to detect that defect. A defect such as failing to name one of several involved officers is not detectable through the grievance process, but it is no less a procedural defect under Illinois regulations, and fails to satisfy the strict compliance rule in this Circuit. Here, there is no conceivable way the prison could have rejected Plaintiff's grievance for the procedural defect of failing to name Defendant Bennett. The prison could only know who was involved if Plaintiff named them in the grievance. The grievance Plaintiff filed did not serve the purpose of alerting the prison to the

entirety of Plaintiff's claim and did not allow the prison to fully investigate or take corrective action as to the allegations against Defendant Bennett. Plaintiff cannot now sue prison officials unnamed in his grievance without facing a failure to exhaust defense simply because the prison did not previously reject his grievance on the basis of this undiscoverable procedural defect. To argue otherwise is mere sophistry.

This conclusion is not novel. *See, e.g.*, *Ambrose v. Godinez*, 510 F. App'x 470, 472 (7th Cir. 2013) (upholding a district court's dismissal of two defendants who were not named in any of the prisoner's grievances by name or inference); *Flemming v. Shah*, No. 12-761-GPM, 2013 WL 3033102, at *2-3 (S.D. Ill. June 17, 2013) (distinguishing *Maddox* and dismissing a defendant who was not named in the prisoner's grievance because the incident in the grievance was not "the type of decision . . . where the prison would know that [the defendant] was involved just by the nature of [the] [p]laintiff's grievance"). Thus, the *Maddox* rule is not controlling in this case. Plaintiff failed to name Defendant Bennett in his grievance, and thus did not comply with the requirements of the grievance process. Accordingly, Plaintiff has failed to exhaust the available administrative remedies for his claim against Defendant Bennett. Therefore, Defendant Bennett is entitled to judgment as a matter of law on this basis, and must be dismissed from the case.

B.     Defendants Deal, French, and Robinson

Defendants Deal, French, and Robinson were named in the Amended Complaint regarding the August cell conditions, but not in the submitted grievance regarding the September cell conditions. However, as noted above, Plaintiff has

offered evidence showing that he filed a grievance regarding the August cell conditions, but that his copy has been misplaced. At this stage, it is a reasonable inference from Plaintiff's submitted facts that this grievance, if it was filed, named Defendants Deal, French, and/or Robinson. Thus, summary judgment is inappropriate as to these Defendants because the material fact of whether Plaintiff actually filed the missing grievance is still in dispute. If Plaintiff did file the grievance and did name Defendants Deal, French, and Robinson in it, then he properly exhausted his administrative remedies for that claim. However, if Plaintiff did not file the grievance or filed it without naming these Defendants, then he failed to properly exhaust administrative remedies and summary judgment would be appropriate. The issue of the missing grievance will be resolved at the *Pavey* hearing and thus summary judgment as to Defendants Deal, French, and Robinson must be denied.

III.    *Pavey* Hearing

Summary judgment must be denied as to the issues pertaining to the August cell conditions because there is a material dispute of fact as to whether Plaintiff properly filed a grievance about these cell conditions. Before this case can proceed on the merits, however, this Court must decide the exhaustion issue. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). To do so, this Court must hold an evidentiary hearing to determine whether Plaintiff did, in fact, properly exhaust the administrative remedies available to him regarding his claim of unsanitary prison conditions in August 2013. *Id.* Accordingly, a *Pavey* hearing is tentatively set for August 6, 2014, at 3:00 P.M. A telephone status conference will be held on July 16,

2014, at 10:30 A.M. to determine any discovery needs of the parties and to identify any potential witnesses for the *Pavey* hearing. The Clerk is to issue a writ for the Plaintiff's participation in the telephone status conference.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion for Partial Summary Judgment on Exhaustion of Administrative Remedies (Doc. 21) is GRANTED IN PART and DENIED IN PART. Defendant Bennett is DISMISSED from this case. A telephone status conference is SET for July 16, 2014, at 10:30 A.M. and a Pavey hearing is SET for August 6, 2014, at 3:00 P.M. The Clerk is DIRECTED to issue a writ for Plaintiff's participation in the telephone status conference on July 16, 2014, at 10:30 A.M.

Entered this 14th day of July, 2014.


                                    s/ Joe B. McDade
                                  JOE BILLY McDADE
                              United States Senior District Judge